IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL BLASETTI AND | : | CIVIL ACTION |
| MARY ANN BLASETTI | : | NO. 11-6920 |
| v. | : | |
| | : | |
| ALLSTATE INSURANCE | : | |
| COMPANY | : | |

O'NEILL, J.                                                                                  January 23, 2012

## MEMORANDUM

Now before me is defendant Allstate Insurance Company's motion for judgment on the pleadings and the response thereto of plaintiffs Paul and Mary Ann Blasetti. For the reasons that follow I will deny defendant's motion with respect to plaintiffs' claim for breach of contract and will grant defendant's motion with respect to plaintiffs' bad faith claim.

## BACKGROUND

Plaintiffs allege that their property located at 6027 Joshua Road, Fort Washington, Pennsylvania sustained storm damage and required repairs. Defendant Allstate insured the property under policy number 000901345114, which was in effect on or about September 30, 2010. Under the terms of the policy, upon the occurrence of the storm damage to the Property, plaintiffs were required to:

(a) promptly give [Allstate or its] agent notice. . . .

(b) protect the property from further loss. Make any reasonable repairs necessary to protect it. Keep an accurate record of any repair expenses.

(c) separate damaged from undamaged personal property. Give [Allstate] a detailed list of the damaged, destroyed or stolen property, showing the quantity, cost, actual cash value and the amount of loss claimed.

(d) give [Allstate] all accounting records, bills, invoices and other vouchers,

>> or certified copies, which [Allstate] may reasonably request to examine and permit us to make copies.
>
> (e) produce receipts for any increased costs to maintain [plaintiffs'] standard of living while [they] reside[d] elsewhere, and records supporting any claim for loss of rental income.
>
> (f) as often as [Allstate] reasonably require[d]:
>
>> (1) show [Allstate] the damaged property . . . .

(Def.'s Mot. Ex. A to Ex. B at 16-17.)

Plaintiffs first reported storm damage to the Property to Allstate on March 16, 2011, initially reporting that their date of loss was February 3, 2011. On April 26, 2011, plaintiffs' public adjuster submitted a letter of representation to Allstate and noted that the "correct date of loss" was September 30, 2010. (Def.'s Mot., Ex. D to Ex. B.) Plaintiffs' public adjuster then withdrew the February 3, 2011 storm claim on April 27, 2011. (Def.'s Mot., Ex. C to Ex. B.) Plaintiffs complaint does not address their revision of their claimed date of damage. In their response to Allstate's motion for judgment on the pleadings, plaintiffs assert their initial submission "was a mistake and it was subsequently corrected."[1] (Pl.'s Resp. at ¶ 7.)

Prior to reporting the storm damage to Allstate, plaintiffs allegedly had repairs done to the Property. Allstate sent plaintiffs a reservation of rights letter on April 1, 2011 "because [they] did not give [Allstate] an opportunity to inspect the damages prior to [plaintiffs'] authorization to have the repair work completed." (Def.'s Mot. Ex. E to Ex. B.) Allstate also requested photos of the alleged damage. (Id.) On April 7, 2011, Allstate reiterated its request that plaintiffs provide it with photographs and documentation of their claimed damages, asking that plaintiffs provide

---

[1] If the facts were to show that either the plaintiffs or their representative falsified the date of loss, there would be serious consequences for plaintiffs, their representatives or both.

the information to Allstate within ten days.  (Def.'s Mot. Ex. E to Ex. B.)  Plaintiff's public adjuster wrote to Allstate on April 19, 2011 in response to its request for "photos of the roof in question prior to the loss and before replacement by insured" and noted that plaintiffs were "still working on obtaining these to assist" Allstate.  (Def.'s Mot. Ex. G to Ex. B.)  Plaintiffs never provided Allstate with photographs or other documentation of their claimed damages.  Instead, on May 17, 2011, plaintiffs' public adjuster wrote to Allstate requesting Allstate's "settlement proposal."  (Def.'s Mot. Ex. H to Ex. B.)  In a May 24, 2011 letter to plaintiffs' public adjuster, Allstate responded it could not provide coverage for plaintiffs' claim because Plaintiffs "left [Allstate] no evidence for [it] to determine if the damages are the result of a loss [Allstate] cover[s] under [plaintiffs'] policy."  (Def.'s Mot. Ex. I to Ex. B.)

Following Allstate's coverage denial and on or about October 21, 2011, plaintiffs filed a complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania asserting claims of breach of contract and bad faith against Allstate.  Defendant removed the matter to this Court on November 4, 2011.  The policy issued to plaintiffs requires that there be "full compliance with all policy terms" before suit may be brought against Allstate.  (Def.'s Mot. Ex. A to Ex. B at 20.)

## STANDARD OF REVIEW

A party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  In deciding a motion for judgment on the pleadings, the Court considers the pleadings and exhibits attached thereto, matters of public record and "undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents."  Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010).  Rule 12(c) motions are reviewed under the

same standard that applies to motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6). See Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir.1991) (citations omitted). Accordingly, in deciding a motion for judgment on the pleadings, I "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).

The motion will be granted if the plaintiff has not articulated enough facts "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is not enough for a plaintiff to allege mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009). The Court "may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009); see also Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## DISCUSSION

### I. Breach of Contract

Defendant argues that plaintiffs' breach of contract claim must be dismissed because the pleadings establish that plaintiffs failed to satisfy all conditions precedent to coverage and suit, thus discharging defendant's obligations under the contract. Plaintiffs counter by arguing that the pleadings do not establish that they violated any term or condition of the policy or that defendant suffered prejudice as a result of any conduct on the part of the plaintiffs. (Pl.'s Resp. at 9.)

Under Pennsylvania law, an insured has a duty to

> cooperate in good faith with an insurer's investigation of a covered loss. . . . An insured's failure to cooperate excuses an insurer's coverage obligations if the breach is material and prejudicial to the insurer's interest. . . . The insured's breach must exceed a mere technical departure from the terms of the policy. . . . Instead, it must result in a substantial prejudice and injury to the insurer's position in the matter.

Habecker v. Peerless Ins. Co., No. 07–CV–0196, 2008 WL 4922529, at *4 (M.D. Pa. Nov. 14, 2008) (citations and internal quotations and alterations omitted); see also Ania v. Allstate Ins. Co., 161 F. Supp. 2d 424, 427 (E.D. Pa. 2001) ("[A]n insurance company bears the burden of showing that prejudice has resulted from an insured's failure to cooperate.).

Plaintiffs' complaint asserts that they "have done and otherwise performed all things required of them under the policy of insurance issued by Defendant, including cooperating with Defendant's investigation." Compl. at ¶ 6. Defendant's answer denies that plaintiffs cooperated with defendant's investigation of their claim, asserting that plaintiffs "never produced any documentation or photographs" of their claimed loss or repairs. Answer at ¶¶ 5-6. Plaintiffs contend that defendant's assertion "assumes that Plaintiffs had photograph[s] to produce and failed to do so," but "there is no evidence in the record to support such an assumption." Pls.' Resp. at 4. Plaintiff's allegations of cooperation are sufficient, if only just barely, to withstand defendant's motion for judgment on the pleadings.

Defendant's answer also asserts that plaintiffs did not promptly or timely report their damage claim when their claim was filed approximately five months after the revised date of their alleged loss. Answer ¶ 6. However, the policy does not set forth a specific time frame for "prompt" notice and does not require that plaintiffs provide defendant with notice of a claim

prior to making any repairs.  "Merely failing to give immediate notice, absent actual prejudice, will not defeat an insurer's obligations under the insurance policy." Berko Invs., LLC v. State Nat'l Ins. Co., No. 08-2609, 2010 WL 2853731 (E.D. Pa., Jul. 21, 2010); see also El Bor Corp. v. Fireman's Fund Ins. Co. 787 F. Supp. 2d 341 (E.D. Pa. 2011) (holding defendant's notice defense was defeated on motion for summary judgment where defendant "submitted no evidence that it was prejudiced by Plaintiff's delay"); Ania, 161 F. Supp. 2d at 430 (denying insurer's motion to dismiss where it did "not cite any authority for the proposition that a five-month delay in reporting a loss is a material breach which prejudices the insurer").

Even if I were to find that defendant has sufficiently alleged that plaintiffs failed to meet their obligations under the policy, the pleadings do not establish that defendant suffered any prejudice as a result of plaintiffs' alleged failure to comply with their obligations.  Viewing the facts in the light most favorable to plaintiffs and drawing all inferences in their favor, as I must, I will deny defendant's motion for judgment on the pleadings with respect to plaintiff's claim for breach of contract.

**II.   Bad Faith**

To prevail on their claim for bad faith, plaintiffs "must show that the defendant did not have a reasonable basis for denying benefits under the policy and that the defendant knew or recklessly disregarded its lack of reasonable basis for denying the claim." Terletsky v. Prudential Prop. and Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994) (citations omitted); see also Keefe v. Prudential Prop. & Cas. Ins. Co., 203 F.3d 218, 225 (3d Cir. 2005) (predicting that the Pennsylvania Supreme Court would define bad faith according to the definition set forth by the Superior Court in Terletsky).

Allstate argues that plaintiffs do not allege any facts to establish that Allstate lacked a reasonable basis for its determination to deny coverage under the policy. Allstate further argues that plaintiffs do not allege any facts to establish that Allstate possessed the requisite wrongful state of mind. I agree. Plaintiffs' complaint alleges that "[d]efendant, despite demand for benefits under its policy of insurance has failed and refused to pay to Plaintiffs those benefits due and owing under said policy of insurance." Compl. ¶ 7. They further allege that Allstate "recklessly disregard[ed] its lack of reasonable basis when it denied Plaintiffs' claim." (Compl. at ¶ 13(a).) Plaintiffs contend that defendant "failed to complete a prompt and thorough investigation of [their] claim." (Compl. ¶ 13(f).)

In asking that I deny defendants' motion, plaintiffs would have me infer reckless indifference from the mere fact that Allstate denied their request for coverage. Plaintiffs do not provide sufficient factual allegations to suggest an absence of a reasonable basis on the part of Allstate for denying their request for coverage. "Completely absent from the [complaint] are any facts that describe who, what, where, when, and how the alleged bad faith conduct occurred." Liberty Ins. Corp. v. PGT Trucking, Inc., No. 11-151, 2011 WL 2552531, at *4 (W.D. Pa. June 27, 2011). Their allegations are conclusory, are not entitled to an assumption of truth, and are insufficient to support their claim of bad faith. See Iqbal, 129 S.Ct. at 1949 ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); see also Atiyeh, 742 F. Supp. 2d at 600 (finding plaintiff's bad faith claim was "insufficient to state a claim on which relief can be granted" where he "present[ed] 'bare-bones' conclusory allegations"); Eley v. State Farm Ins. Co., No. 10-5564, 2011 WL 294031, at *4 (E.D. Pa. Jan. 31, 2011) (dismissing similar conclusory bad faith claim); Liberty Ins. Corp., 2011 WL

2552531, at * 4-5 (same).

Accordingly, I will grant defendant's motion for judgment on the pleadings with respect to plaintiffs' bad faith claim.  However, as it is feasible that plaintiffs may amend their Complaint to state viable claims, I will dismiss the claim without prejudice.  Plaintiffs may move to amend their Complaint at any time during discovery if they discover facts sufficient to allege bad faith.

An appropriate Order follows.